JOHN W. SPIEGEL (SBN: 78935)
John.Spiegel@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA  90071-1560
Telephone:  (213) 683-9100
Facsimile:   (213) 687-3702

JONATHAN H. BLAVIN (SBN: 230269)
Jonathan.Blavin@mto.com
JESSE MAX CREED (SBN: 272595)
Jesse.Creed@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA  94105
Telephone:  (415) 512-4000
Facsimile:   (415) 512-4077

Attorneys for Plaintiff
EMECO INDUSTRIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EMECO INDUSTRIES, INC.<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>RESTORATION HARDWARE, INC., GARY FRIEDMAN, and DOES 1-10.<br><br>　　　　　Defendants. | CASE NO.  CV 12-05072 MMC<br><br>**DECLARATION OF MAGNUS BREITLING IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

I, Magnus Breitling, declare as follows:

1. I am the Director of Product Management at Emeco Industries, Inc. ("Emeco"), a position that I have held since February 2008. I base the contents of this declaration on my own personal knowledge, and if called to testify as a witness in this action, I could and would testify competently to what I state herein.

2. I have no direct knowledge of the origins of the Emeco Navy Chair®.

3. In a video for the HGTV television show Design DNA, I said that the founder of Emeco "basically took a generic wooden chair, took the design over, and made it in aluminum. And a special hardening procedure, thermal hardening, makes the chair super light and at the same time six times stronger than steel."

4. I understand that this statement has been interpreted by Defendants in this matter to mean that the design of the Navy Chair® is simply a replica of a standard wooden chair design.

5. That is not an accurate representation of what I meant by this statement. What I meant to convey was my belief that the design of the chair took inspiration from pre-existing, farm-style wooden chairs.

6. In making that statement, I had no historical knowledge of any specific wooden chair. When I said "generic wooden chair," I was simply referring to a farm-style wooden chair with four legs, a seat, and back support. Pictured below are wooden chairs that resemble the type of wooden chair of which I spoke:

 

7. I do not believe and did not say in the Design DNA video that the Navy Chair® design itself was generic.

8. I am not a lawyer and have no legal knowledge of what constitutes a "generic" product design under the law of trademarks and trade dress. I have neither been taught, nor have I learned of, the meaning of a generic design under applicable trademark and trade dress law. In the statement in the video, I used the term "generic" according to its popularly-understood sense, not in any legal sense.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on November 2 9 , 2012 at Hanover, Pennsylvania.

_____
Magnus Breitling

- 2 -    DECL. OF MAGNUS BRIETLING ISO PL.'S
MOT. FOR PREL. INJ.; CASE NO. CV 12-05072 MMC