United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11  EMECO INDUSTRIES, INC.,                    No. C-12-5072 MMC
12             Plaintiff,                      **ORDER GRANTING IN PART AND
                                               DENYING IN PART DEFENDANTS'
13      v.                                     MOTION TO DISMISS; AFFORDING
                                               PLAINTIFF LEAVE TO AMEND;**
14  RESTORATION HARDWARE, INC., and            **VACATING HEARING**
    GARY FRIEDMAN,
15
             Defendants.
16  _____/
17

       Before the Court is defendants Restoration Hardware, Inc. and Gary Friedman's

"Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)," filed November 5, 2012.  Plaintiff

Emeco Industries, Inc. has filed opposition, to which defendants have replied.  Having read

and considered the papers filed in support of and in opposition to the motion, the Court

deems the matter suitable for decision thereon, VACATES the hearing scheduled for

December 14, 2012 on said motion, and rules as follows.

       1.  To the extent the motion seeks dismissal of the First Cause of Action, titled

"Trade Dress Counterfeiting and Infringement, 15 U.S.C. §§ 1114(1), 1125(a)," the motion

will be granted in part and denied in part.

             a.  Contrary to defendants' argument, plaintiff clearly alleges the claimed

trade dress is protectable both by Reg. No. 2,511,360 and by common law (see Compl.

¶¶ 22, 24), and the complaint sufficiently identifies the claimed trade dress, given said

trade dress is described in both narrative and pictorial forms (see Compl. ¶¶ 1, 18, 19, 25);

Dynamic Fluid Control (PTY) Ltd. v. Int'l Valve Mfg., 790 F. Supp. 2d 732, 737 (N.D. Ill.

2011) (denying motion to dismiss trade dress infringement claim; finding plaintiff's narrative

description, even though "somewhat conclusory," sufficient when "viewed in connection"

with "attached photographs of products allegedly exhibiting [plaintiff's] protectable trade

dress").[1]

      b.  Contrary to defendants' argument, the complaint alleges facts sufficient to

support a finding that plaintiff's trade dress has acquired secondary meaning (see Compl.

¶¶ 14-16, 68-69), and is non-functional (see Compl. ¶¶ 25, 67).

      c.  Contrary to plaintiff's argument, the complaint fails to include any facts to

support a finding that defendants have infringed Reg. No. 3,191,187, which registration

protects a logo consisting of an outline of a chair.  (See Compl. ¶¶ 22, 27, second page of

Ex. 1.)  The complaint does not allege defendants have used any form of the logo in their

advertisements or on the chairs defendants have offered for sale, let alone a logo that

infringes Reg. No. 3,191,187.  Cf. Vision Sports, Inc. v. Melville Corp., 888 F.2d 609, 611,

613 (9th Cir. 1989) (affirming entry of preliminary injunction against defendant's use of logo

on clothes defendant offered for sale, where defendant's logo created likelihood of

confusion with plaintiff's registered logo).

   2.  To the extent the motion seeks dismissal of the Second Cause of Action, titled

"Trademark Counterfeiting and Infringement, 15 U.S.C. §§ 1114(1), 1125(a)," the motion

will be granted in part and denied in part.

      a.  Contrary to plaintiff's argument, plaintiff has failed to state a counterfeiting

trademark infringement claim, because "1940s Naval Chair" and "Introducing 1940S Naval

_____

[1]Defendants also argue the complaint should be dismissed to the extent it seeks remedies under 15 U.S.C. § 1114 for infringement of plaintiff's common law rights, for the reason that § 1114 only applies to registered marks.  See 15 U.S.C. § 1114(1) (setting forth remedies for infringement available to "registrant").  The complaint, does not seek remedies for infringement of common law rights under §1114 but, rather, under 15 U.S.C. § 1125.  (See Compl. ¶¶ 75, 89); Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 768 (1992) (holding § 1125 "protects qualifying unregistered trademarks").

1  Chair Collection," the challenged model names used by defendants (see Compl. ¶¶ 37-38),

2  are neither "identical with" plaintiff's registered marks "The Navy Chair" or "111 Navy Chair"

3  (see Compl. Ex. 2), nor "substantially indistinguishable from" those marks.  See 15 U.S.C.

4  § 1127 (defining "counterfeit" as "spurious mark which is identical with, or substantially

5  indistinguishable from, a registered mark"); Colgate-Palmolive Co. v. J.M.D. All-Star Import

6  and Export, 486 F. Supp. 2d 286, 288, 290-91 (S.D. N.Y. 2007) (holding defendant's use of

7  "Colddate" on toothpaste box not counterfeit because it was not "substantially

8  indistinguishable" from plaintiff's registered mark "Colgate"; observing, based on review of

9  reported cases, "[accused] marks that are similar to the registered mark, but differ by two

10  or more letters, are not likely to be considered counterfeit").[2]

11            b. Contrary to defendants' argument, plaintiff has identified the marks in which

12  it asserts common law rights; specifically, plaintiff alleges it has "common law rights" in the

13  mark "Navy Chair®" for use "in connection with its furniture."  (See Compl. ¶ 80.)

14            c. Contrary to defendants' argument, the Court cannot determine as a matter

15  of law, at this early stage of the proceedings, that defendants are entitled to the affirmative

16  defense of fair use with respect to their usage of "1940s Naval Chair" and "Introducing

17  1940S Naval Chair Collection."  In particular, in light of plaintiff's allegations supporting a

18  finding that defendants have not used the challenged terms in good faith (see Compl. ¶¶ 4,

19  31, 44-45) and that a likelihood of confusion exists as to the origin of defendants' chairs

20  (see Compl. ¶¶ 5, 29, 62), resolution of the fair use defense is premature.  See Cairns v.

21  Franklin Mint Co., 292 F.3d 1139, 1150-51 (9th Cir. 2002) (holding fair use defense

22  requires defendant to show, inter alia, it used challenged term "fairly and in good faith" and

23  that there is no "likelihood of customer confusion as to the origin of the product").

24  //

25  //

26

27            [2]Defendants' request for judicial notice of the full page on its website in which it used
the phrase "Introducing 1940S Aluminum Naval Chair" is GRANTED.  A portion of the page
28  from the website is reproduced in the complaint.  (See Compl. ¶ 38.)

3.  To the extent the motion seeks dismissal of the Third Cause of Action, titled "Federal Dilution, 15 U.S.C. § 1125(c)," the motion will be denied.

a.  Contrary to defendants' argument, the complaint identifies the asserted trade dress and trademarks on which the Third Cause of Action is based.  (See Compl. ¶ 93 (incorporating by reference ¶¶ 22-25, 66, 80).)

b.  Contrary to defendants' argument, the Court, for the reasons stated above, cannot determine at the pleading stage that defendants are entitled to the affirmative defense of fair use.

c. Contrary to defendants' argument, the complaint pleads sufficient facts (see Compl. ¶¶ 14, 16, 26, 27) to support a finding that the claimed trade dress and marks are famous.  See 15 U.S.C. § 1125(c)(2)(A) (defining "famous" as "widely recognized by the general consuming public of the United States as a designation of source of the goods . . . of the mark's owner").

4.  To the extent the motion seeks dismissal of the Fourth Cause of Action, titled "Common Law Trade Dress Infringement," the motion will be denied because, contrary to defendants' argument, the complaint identifies the trade dress alleged to be protectable under California common law.  (See Compl. ¶ 98 (incorporating by reference ¶¶ 24-25).)

5.  To the extent the motion seeks dismissal of the Fifth Cause of Action, titled "Common Law Trademark Infringement," the motion will be denied.

a.  Contrary to defendants' argument, the complaint identifies the trademark alleged to be protectable under common law.  (See Compl. ¶ 108 (alleging plaintiff has "common law rights in the Navy Chair® trademark under California law").)

b.  Contrary to defendants' argument, the Court, for the reasons stated above, cannot determine at the pleading stage that defendants are entitled to the affirmative defense of fair use.

6.  To the extent the motion seeks dismissal of the Sixth Cause of Action, titled "Dilution, Cal. Bus. & Prof. Code §§ 14330 et seq. and Common Law," the motion will be granted, for the reason that the statute on which the Sixth Cause of Action is based has

4

1    been repealed effective January 1, 2008, see Penpower Technology Ltd. v. S.P.C.

2    Technology, 627 F. Supp. 2d 1083, 1090 (N.D. Cal. 2008) (citing Stats.2007, c. 711 (A.B.

3    1484), § 1), and the Sixth Cause of Action includes no explanation, even in conclusory

4    terms, as to the basis for any claim arising under California common law.[3]

5         7.  To the extent the motion seeks dismissal of the Seventh Cause of Action, titled

6    "Cal. Bus. & Prof. Code §§ 17200 et seq.," the motion will be granted in part and denied in

7    part.  As pleaded, the Seventh Cause of Action is derivative of the First through Six Causes

8    of Action (see Compl. ¶¶ 119-20); it includes no additional factual allegations, but, rather,

9    only additional legal conclusions (see Compl. ¶¶ 121-24).  Accordingly, to the extent the

10   Seventh Cause of Action is based on the Sixth Cause of Action, and on the portions of the

11   First and Second Causes of Action that re subject to dismissal, the Seventh Cause of

12   Action likewise will be dismissed.

13                                    **CONCLUSION**

14        For the reasons stated above,

15        1.  Defendants' motion to dismiss is hereby GRANTED in part and DENIED in part,

16   as follows:

17             a.  To the extent the motion seeks dismissal of plaintiff's claim, included in

18   the First Cause of Action, that defendants have infringed the mark registered as No.

19   3,191,187, the motion is GRANTED.

20             b.  To the extent the motion seeks dismissal of plaintiff's claim, included in the

21   Second Cause of Action, that defendants have engaged in counterfeiting with respect to

22   plaintiff's marks "The Navy Chair" and "111 Navy Chair," the motion is GRANTED.

23             c.  To the extent the motion seeks dismissal of the Sixth Cause of Action, the

24   motion is GRANTED.

25             d.  To the extent the motion seeks dismissal of the portions of the Seventh

26

27   _____

          [3]In its opposition, plaintiff notes that § 14247 of the Business & Professions Code
28   provides remedies for dilution.  As stated below, the Court will afford plaintiff leave to file a
     First Amended Complaint, and plaintiff may include therein any claim it has under § 14247.

1   Cause of Action that are derivative of the claims dismissed above, the motion is

2   GRANTED.

3            e.  In all other respects, the motion is DENIED.

4        2. Should plaintiff wish to file a First Amended Complaint to cure any of the

5   deficiencies identified above, and/or to state a claim under § 14247, plaintiff shall file the

6   First Amended Complaint no later than January 4, 2013.

7        **IT IS SO ORDERED.**

8

9   Dated:  December 6, 2012

10                                      MAXINE M. CHESNEY
                                        United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6