1  JOHN W. SPIEGEL (SBN: 78935)
   John.Spiegel@mto.com
2  MUNGER, TOLLES & OLSON LLP
   355 South Grand Avenue, Thirty-Fifth Floor
3  Los Angeles, CA  90071-1560
   Telephone:  (213) 683-9100
4  Facsimile:   (213) 687-3702

5  JONATHAN H. BLAVIN (SBN: 230269)
   Jonathan.Blavin@mto.com
6  JESSE MAX CREED (SBN: 272595)
   Jesse.Creed@mto.com
7  MUNGER, TOLLES & OLSON LLP
   560 Mission Street, 27th Floor
8  San Francisco, CA  94105
   Telephone:  (415) 512-4000
9  Facsimile:   (415) 512-4077

10

11 Attorneys for Plaintiff
   EMECO INDUSTRIES, INC.

12                       UNITED STATES DISTRICT COURT

13                       NORTHERN DISTRICT OF CALIFORNIA

14                              SAN FRANCISCO DIVISION

| | |
|---|---|
| EMECO INDUSTRIES, INC. | CASE NO.  CV 12-05072 MMC |
| Plaintiff, | **PLAINTIFF'S NOTICE OF SUPPLEMENTAL NINTH CIRCUIT AUTHORITY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** |
| v. | |
| RESTORATION HARDWARE, INC., GARY FRIEDMAN, and DOES 1-10. | Date:        December 14, 2012<br>Time:        9:00 a.m.<br>Courtroom: 7<br>Judge:       Honorable Maxine M. Chesney |
| Defendants. | |

Plaintiff Emeco Industries, Inc. ("Emeco") respectfully provides the Court with supplemental Ninth Circuit authority in support of its motion for a preliminary injunction.

As noted in Emeco's Reply, under Ninth Circuit law Defendants' examples of similar third-party use are insufficient to establish genericness, and indeed, an infringer cannot defend its conduct by pointing to other infringing uses. *See* Reply at 2-5. As additional Ninth Circuit authority for this rule, Emeco cites *National Lead Co. v. Wolfe*, 223 F.2d 195 (9th Cir. 1955). There, the holder of the "Dutch Boy" registered mark covering its paint products claimed that a party's use of the phrases "'Dutch', 'Dutch Paint Company' and 'Dutch Paint'" infringed its mark. *Id*. at 197. In asserting a genericness defense, the alleged infringer pointed to 39 uses of the word "Dutch" by third-party paint sellers and manufacturers. In reversing the district court, the Ninth Circuit rejected the defense and ordered entry of an injunction on remand. *Id.* at 204-05 (finding that 39 third-party uses of the word "Dutch" was "no evidence" that the mark was a "generic term," in part given that "some of these third persons may also have been guilty of wrongful infringement [which] would not be a defense or justification for the [alleged infringers]. It is no excuse for them to say that others have been guilty of the same wrong.").

DATED: December 6, 2012      MUNGER, TOLLES & OLSON LLP

By:    */s/ John W. Spiegel*
        JOHN W. SPIEGEL

Attorneys for Plaintiff Emeco Industries, Inc.