WESLEY E. OVERSON (CA SBN 154737)
WOverson@mofo.com
JENNIFER LEE TAYLOR (CA SBN 161368)
JTaylor@mofo.com
NATHAN B. SABRI (CA SBN 252216)
NSabri@mofo.com
JULIA D. KRIPKE (CA SBN 267436)
JKripke@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendants
RESTORATION HARDWARE, INC. and GARY FRIEDMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EMECO INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RESTORATION HARDWARE, INC., GARY FRIEDMAN, and Does 1-10,<br><br>Defendants. | Case No. 3:12-cv-5072 MMC<br><br>**DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO FILE SURREPLY IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

1    Defendants seek leave to file the surreply attached hereto as Exhibit 1 and the supporting

2 declaration of Hal Poret attached as Exhibit 2.  This surreply is in support of Defendants'

3 Opposition to Plaintiff's Motion for Preliminary Injunction.

4    In its reply brief, Plaintiff mischaracterizes both the survey of Mr. Hal Poret that

5 Restoration Hardware submitted in opposition to the preliminary injunction motion and the legal

6 framework in which it fits.  These mischaracterizations confuse the issues and deserve a response.

7 For example, Plaintiff mischaracterizes Mr. Poret's survey in this case as a secondary meaning

8 survey, and then argues that a secondary meaning survey is inapplicable to incontestable

9 registered marks.  In fact, Mr. Poret's survey is a *confusion* survey, *not* a secondary meaning

10 survey, and therefore is applicable to incontestable registered marks.  Plaintiff also attached to its

11 reply papers Mr. Poret's testimony from a prior case to make it appear as if he has criticized the

12 approach he used in this case, ignoring that the different marketplace conditions in the two cases

13 necessitated different approaches.

14    Defendants respectfully submit that a brief surreply is justified, and necessary to assist the

15 Court in resolving Plaintiff's motion by correcting and clarifying the record.  This Court has

16 granted motions for leave to file surreplies in such situations.  *Toomey v. Nextel Commc'ns, Inc.*,

17 Case No. C-03-2887 MMC, 2004 U.S. Dist. LEXIS 30793, at *2 (N.D. Cal. Sept. 23, 2004)

18 (granting motion for leave to file surreply to address arguments "raised for the first time in

19 [defendant's] reply, and purported misstatements of fact in [defendant's] reply."); *Sharper Image*

20 *Corp. v. Consumers Union of United States, Inc.*, Case No. 03-4094 MMC, 2004 U.S. Dist.

21 LEXIS 24484, at *2 n.1 (N. D. Cal. Feb. 23, 2004) (granting motion for leave to file surreply and

22 considering to extent surreply "responds to arguments raised for the first time" in reply).

23 Defendants request that the Court grant leave to file a brief surreply of five pages, supported by a

24 similarly brief declaration from Mr. Poret responding to the attacks on his survey.

25    Defendants sought Plaintiff's stipulation to the filing of a surreply and supporting

26 declaration, but Plaintiff's counsel indicated that Plaintiff would oppose such request.

27 (Declaration of Wesley E. Overson in Support of Defendants' Motion for Leave to File Surreply ¶

28 2.)

DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO FILE SURREPLY
CASE NO. 3:12-CV-5072 MMC
sf-3225465

1

| | |
|---|---|
| Dated: December 6, 2012 | MORRISON & FOERSTER LLP |
| | By: */s/ Wesley E. Overson* |
| | WESLEY E. OVERSON |
| | Attorneys for Defendants |
| | RESTORATION HARDWARE, INC. |
| | and GARY FRIEDMAN |

DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO FILE SURREPLY
CASE NO. 3:12-CV-5072 MMC
sf-3225465

2